UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BILLY EARL, | ) |
| Plaintiff, | ) |
| v. | ) 18 C 8279 |
| JEWEL FOOD STORES, INC., et al. | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court are Defendants Jewel Food Stores, Inc. ("Jewel") and Highway Drivers, Dockmen, Spotters, Rampmen, Meat, Packing House, and Allied Products Drivers and Helpers, Officer Workers and Miscellaneous Employees Local Union No. 710's ("Local 710") (collectively, "Defendants") motions to dismiss Plaintiff Billy Earl's ("Earl") Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court will grant-in-part the motion.

### BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Earl's favor. *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 724 (7th Cir. 2014).

Plaintiff Earl is an African American male who resides in Cook County, Illinois. Defendant Jewel is a supermarket chain with its principal place of business in Boise, Idaho. Local 710 is the sole and exclusive bargaining agent of Jewel employees at Jewel's warehouses in Melrose Park, Illinois.

Earl was employed by Jewel from September 1988 until July 7, 2017. As part of his employment, Earl belonged to Local 710. At all relevant times, Earl's employment was governed by a collective bargaining agreement between Local 710 and Jewel. In his most recent role at Jewel, Earl worked in the Maintenance and Sanitation Department as a Recoup Worker at Jewel's warehouse in Melrose Park, Illinois. Stephen Cohen ("Cohen"), William Knedler ("Knedler"), and Fred Casey ("Casey"), all Caucasian men, were among Earl's supervisors. Between 2016 and 2017, Earl alleges that "Cohen regularly falsely accused Earl of sleeping on the job, being lazy, and not doing any work, and eating while working." Earl notes that Cohen did not direct similar comments to non-African American employees.

During winter months, Jewel employees were allowed to briefly leave the warehouse to heat up their cars before the end of their shift. Earl alleges that Cohen and Casey would admonish him for leaving to heat up his car but would not admonish non-African American employees who did so. Around 2016 or 2017, Earl's union representatives warned him that Knedler, Cohen, Casey, and other Jewel supervisors "were determined to force him out of his employment at Jewel." Casey would allegedly ask Jewel managers during meetings when they intended to dismiss Earl. These

collective activities led Earl to report racial discrimination to Local 710. However, Local 710 did not investigate or take any further action regarding Earl's claims.

Despite his concerns, Earl remained employed by Jewel and subject to the collective bargaining agreement. According to the agreement, "union members had the right to take an extra day off if a holiday fell within the employee's vacation period, and the employee properly notified Jewel in advance of his intention to take the day off." Earl regularly selected vacation and personal holidays that he wished to take off and would submit those dates to his supervisor for approval using the standard vacation request form. Earl indicated his intent to take an extra day off during a holiday period by indicating "Ex. Day" next to each relevant vacation week that he requested.

In 2016, Earl attempted to utilize this policy to request leave on July 5, 2016. However, Jewel denied Earl's request. Unaware that his time off was not approved, Earl took off on July 5, 2016. Jewel issued Earl a warning for this incident because he did not call the company prior to his unapproved absence, which they considered a "No Call/No Show." On February 1, 2017, Earl selected his vacation days for the year, including the week ending on June 2, 2017. As May 29, 2017 was a holiday, Earl elected to take off June 5, 2017 by marking "Ex. Day" on his vacation request form. According to Earl, Knedler approved his request on February 6, 2017. Jewel manager Dan Carol ("Carol") gave Earl three photocopies of his approved vacation request form, signed by Knedler.

3

Earl did not show up for work on June 5, 2017, believing that his requested time off was approved. The following day at work, Earl was called into a meeting with Jewel employees Gary Michelini ("Michelini") and Chuck Blanton ("Blanton") and Local 710 representative Al Wiegel ("Wiegel") to discuss his absence, which they characterized as his second "No Call/No Show."

On June 16, 2017, Earl attended another meeting with Local 710 representative Jimmy Bradford ("Bradford"), Knedler, and Jewel employee Chris Herrick ("Herrick"). At the meeting, Knedler claimed that he did not authorize Earl's time off on June 5, 2017. In response, Earl produced a copy of the approved vacation request form that Casey handed to him in February. Knedler claimed that the original document in his office did not match Earl's copy. Bradford viewed the document in Knedler's office and "informed Earl that parts of it appeared to have been erased using a correction fluid or similar material."

On June 29, 2017, Jewel suspended Earl without pay and accused him of falsifying a company record. On July 7, 2017, Jewel terminated Earl's employment, causing Local 710 to file a grievance on Earl's behalf. The grievance proceeded to arbitration on July 13, 2018, during which attorney Laurence Goodman ("Goodman") represented Local 710. On September 26, 2018, arbitrator Brian Clauss ("Clauss") issued a decision denying Local 710's grievance of Earl's termination. Clauss concluded that the accurate copy of the approved vacation request form was that produced by Knedler, not the copy produced by Earl. On November 28, 2018, Local

4

710 mailed a copy of the arbitration decision to Earl. Earl asked to return to his job at Jewel or a substantially similar position in February 2019. On July 8, 2019, Earl re-applied for his most recent job at Jewel, but Jewel did not respond to his application. Earl still has not been rehired by Jewel.

While the grievance process progressed, Earl filed a charged against Jewel and Local 710 with the Equal Employment Opportunity Commission ("EEOC") on April 3, 2018, alleging race discrimination. On September 24, 2018, the EEOC issued Earl a right-to-sue letter regarding his charges against Jewel and on February 5, 2019, the EEOC issued a right-to-sue letter regarding Earl's charges against Local 710. Earl filed a second charge with the EEOC on December 18, 2018, alleging continued retaliation and age discrimination. The EEOC issued Earl a third right-to-sue letter for the claims in his second charge on February 14, 2019. Earl filed another EEOC charge against Local 710 and Jewel on July 26, 2019, again alleging continuing retaliation and age discrimination. The EEOC issued a right-to-sue letter on August 20, 2019.

Based on these facts, Earl filed his initial complaint in this Court on December 18, 2018. Earl filed an amended complaint on April 12, 2019. On July 2, 2019, the Court dismissed Earl's amended complaint and granted Earl leave to file a second amended complaint.[1] Earl filed his SAC on November 5, 2019. In the SAC, Earl alleges: race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42

---

[1] 1:18-cv-8279, Dkt. # 47.

U.S.C. §§ 2000e, et seq., against Jewel (Count I); race discrimination in violation of 42 U.S.C. § 1981 against Jewel and Local 710 (Count II); retaliation in violation of Section 1981 against Jewel and Local 710 (Count III); a violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1166, against Jewel (Count IV); a violation of the Age Discrimination in Employment Act (ADEA) against Jewel (Count V); retaliation under Title VII against Jewel and Local 710 (Count VI); and a claim under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 185, et seq., against Jewel and Local 710.

On December 16, 2019, Jewel moved to partially dismiss the second amended complaint under Rule 12(b)(6). That same day, Local 710 also moved to dismiss under Rule 12(b)(6).

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Earl need not provide detailed factual allegations, but he must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct

6

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants urge the court to partially dismiss Count I and to dismiss Counts II, III, V, VI, and VII in their entirety. We address each argument in turn.

**I.  Count I**

Jewel argues that Count I should be dismissed to the extent that it is based on Jewel's failure to rehire Earl.[2] Defendants argue that Earl failed to exhaust his administrative remedies because Earl's second and third charges did not mention race discrimination in regard to Jewel's failure to rehire Earl. Earl argues that he exhausted his claims because he mentioned that he filed the charge alleging race discrimination in his second and third charges.

To file a lawsuit under Title VII, a plaintiff must first file a charge with the EEOC describing the alleged employment discrimination. 42 U.S.C. § 2000e-5. A plaintiff may not bring Title VII claims that were excluded from the EEOC charge. *Sitar v.*

---

[2] Jewel also argues that Earl's racial harassment claim in Count I should be dismissed. However, Earl concedes that he does not attempt to allege a racial harassment claim.

7

*Indiana Dept. of Trans.*, 344 F.3d 720, 726 (7th Cir. 2003). An exception to this rule arises for claims that are "reasonably related" to those included in the EEOC charge, meaning that the claims can be "expected to grow out of an EEOC investigation of the charges." *Id*. To be reasonably related, there must be a factual relationship between the claims and, the claims must, "at a minimum, describe the same conduct and implicate the same individuals." *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). As such, "[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

We do not believe that Earl's failure-to-rehire allegation is reasonably related to the race discrimination charge. Earl alleges in his second and third charges that Jewel did not rehire him because of his age and in retaliation for filing his discrimination charges; he does not allege that Jewel did not rehire him because of his race. Moreover, the failure-to-hire allegations do not appear to implicate the same individuals as Earl's discrimination claims. Accordingly, we find that Earl failed to exhaust the administrative remedies for his race discrimination claim based on Jewel's failure to rehire him.

## II.   Count II

Jewel argues that Count II should be dismissed because it is too vague to adequately state a claim. Local 710 argues that Count II should be dismissed because Earl does not plead enough facts to infer that Local 710's actions were motivated by his

8

race. In response, Earl argues that he need only allege that Jewel instituted an adverse employment action against him based on his race. We agree with Earl in part.

Section 1981 prohibits racial discrimination in the making and enforcement of private contracts. *Smiley v. Columbia Coll. Chicago*, 714 F.3d 998, 1002 (7th Cir. 2013). The same standards apply to Title VII and Section 1981 claims of race discrimination. *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015). "An employer who discriminates against an employee because of his race or retaliates against him for protesting unlawful discrimination violates Title VII . . . and [Section] 1981." *Id.* Accordingly, to proceed with a claim of race discrimination, Earl need only allege that he was fired because of his race. *Freeman v. Metro. Water Recl. Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019).

Here, Earl alleges that Jewel fired him in 2017 because of his race. He details multiple alleged acts of mistreatment that support a reasonable inference that his firing was based on his race. Further, he alleges that similarly situated non-African Americans were not treated in such a way. Accordingly, Earl has sufficiently stated a claim of race discrimination against Jewel.

However, Earl fails to sufficiently plead a claim of race discrimination against Local 710. In our previous Order, we held that Earl did not sufficiently allege a claim of Title VII race discrimination against Local 710 because he failed to allege sufficient facts to support an inference that Local 710's actions were based on his race. Earl has again failed to allege sufficient facts to support an inference that Local 710's actions

9

were based on his race. Accordingly, Earl fails to allege a Section 1981 race discrimination claim against Local 710.

## III. Count III & VI: Title VII and Section 1981 Retaliation

Defendants argue that Counts III and VI should be dismissed because Earl fails to plead causation. We agree in part.

Pleading a retaliation claim under Title VII and Section 1981 requires the plaintiff to "allege that she engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014); *Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016). The protected activity of an employee alleging retaliation must have been the but-for cause of the retaliation. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 n.1 (7th Cir. 2014) (quoting *Univ. of Texas Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)). This does not mean that the protected activity must be the only cause, but that the adverse employment action would not have happened without the protected activity.

Earl engaged in a protected activity by filing discrimination charges with the EEOC. Earl alleges that Jewel retaliated against him for filing the charges by failing to rehire him. With respect to his claims against Jewel, Earl does not allege that he would have been rehired by Jewel if he did not file the charges. Accordingly, Earl's claims of retaliation against Jewel are insufficient.

Earl next says that Local 710 retaliated against him by failing to investigate his termination, failing to get his job back, and failing to adequately represent him at the

arbitration hearing. With respect to his claims against Local 710, Earl does allege that Local 710 would have handled his grievances differently if he did not file his discrimination charges. Further, he alleges that similarly situated members of the union that did not engage in protected activities were not subjected to the same treatment as him. Accordingly, Earl sufficiently states claims of retaliation against Local 710.

## IV.  Count V: Age Discrimination

Jewel argues that Count V should be dismissed because Earl failed to exhaust his administrative remedies and because he failed to allege that he applied for an open and available position.[3] In response, Earl argues that he has sufficiently stated an age discrimination claim and that the Court previously found he exhausted his administrative remedies as to this claim. We agree with Earl.

Earl says in his responsive pleading that the "gist of the age discrimination claim is that younger employees who lost their arbitration proceedings were rehired or offered other positions while Earl was not." As noted in our previous Order, Earl exhausted his administrative remedies on these claims because he filed his EEOC charge within 300 days of losing the arbitration proceeding. Accordingly, Earl has exhausted his administrative remedies.

"The pleading requirement for employment-discrimination claims is minimal." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017)

---

[3] Jewel also argues that Earl has not stated an age-based harassment claim. Earl concedes that he does not attempt to allege an age-based harassment claim.

11

(collecting cases). Accordingly, Earl must allege that he was discriminated against based on his age, when it occurred, and by whom. *Id.* Earl alleges that he re-applied for his job with Jewel on July 8, 2019, that Jewel failed to respond to his application, and that Jewel discriminated against him because of his age. Accordingly, Earl has met the minimal pleading standard for his age discrimination claim.

## V.     Count VII: Section 301 Claim

To state a hybrid claim under Section 301 of the LMRA, Earl must allege both a breach of the collective bargaining agreement by Jewel and a breach of the duty of fair representation by Local 710. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164–65 (1983). Earl must succeed in both claims to prevail, as "the two claims are inextricably interdependent." *Id.* at 164 (internal quotation marks omitted). Defendants argue that Earl has insufficiently plead both claims, but if even one fails then both claims must be dismissed.

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013). An action is arbitrary if it "is so far outside a wide range of reasonableness as to be irrational." *Id.* at 917. Conduct is in bad faith if "the union acted (or failed to act) due to an improper motive." *Id.* at 916.

Further, "the union enjoys substantial discretion in fulfilling its duty of fair representation," because "Congress did not intend courts to interfere with the decisions

12

of the employee's chosen bargaining representative." *Id.* at 916–917. Thus, courts have been deferential to union decisions when determining whether actions constituted a breach of the duty of fair representation. *See Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1176 (7th Cir. 1995) ("Courts should not substitute their judgment for that of the union, even if, with the benefit of hindsight, it appears that the union could have made a better call.").

Earl asserts that Local 710 breached their duty of fair representation in three ways: (1) "acting in bad faith when it failed to oppose his suspension without pay and when it retaliated against him after he filed his EEOC charge by failing [to] adequately investigate or process his wrongful termination grievance so that it could help Jewel . . . unlawfully get rid of Earl;" (2) "acting arbitrarily when it failed to advocate for him to be re-hired even though it advocated for or otherwise assisted other similarly situated employees to get re-hired and when it failed to oppose his suspension without pay;" and (3) "acting arbitrarily when it failed to sufficiently advocate for him to not be terminated for alleged two No Call/No Show incidents even though it sufficiently advocated for or otherwise assisted other similarly situated employees to not get terminated."[4]

Regarding the first allegation, the Court previously dismissed this allegation in our prior Order because Earl did not allege to whom he complained of the discrimination and because the Court deferred to Local 710's discretion under Seventh

---

[4] 1:18-cv-8279, Dkt. # 56, ¶143.

Circuit precedent. Earl has not pled any new facts to persuade the Court to change its ruling.

Regarding the second and third allegations, Earl has not sufficiently alleged facts to show that Local 710's decisions were "so far outside a wide range of reasonableness as to be irrational." *Yeftich*, 722 F.3d at 917. We again defer to Local 710's significant discretion. Accordingly, Earl has not sufficiently alleged a Section 301 claim.

## **CONCLUSION**

For the reasons mentioned above, the Court grants-in-part the Defendants' motions to dismiss. Count I is dismissed to the extent that it is based on Jewel's failure to rehire Earl. Count II is dismissed as to Local 710 only. Count III and VI are dismissed as to Jewel only. Count VII is dismissed entirely. The motions are denied as to Count V. Given that Earl has been given multiple attempts to amend his complaint, has failed to cure many defects, and multiple claims survive, we deny his request for leave to file a third amended complaint. It is so ordered.

Dated: 08/11/2020

_____
Charles P. Kocoras
United States District Judge