IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BILLY EARL | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 18-cv-8279 |
| v. | ) | |
| | ) | |
| JEWEL FOOD STORES, INC., and | ) | Jury Trial Demanded |
| HIGHWAY DRIVERS, DOCKMEN, | ) | |
| SPOTTERS, RAMPMEN, MEAT, | ) | The Honorable Judge Charles P. Kocoras |
| PACKING HOUSE, AND ALLIED | ) | |
| PRODUCTS DRIVERS AND | ) | |
| HELPERS, OFFICE WORKERS AND | ) | |
| MISCELLANEOUS EMPLOYEES | ) | |
| LOCAL UNION NO. 710 | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, EXTEND THE TIME WITHIN WHICH TO FILE A RESPONSE TO JEWEL'S BILL OF COSTS AND SUPPORTING MEMORANDUM [192] AND [193]**

1. Plaintiff, Billy Earl ("Mr. Earl"), respectfully moves this Honorable Court, pursuant to its inherent powers and Rule 6(b) of the Federal Rules of Civil Procedure, to enter an Order striking Jewel's purported bill of costs [192] and supporting memorandum [193] as premature, or in the alternative, extending the time within which he must file his responses to Jewel's bill of costs and supporting memorandum until 28 days after a final judgment has been entered. In support of this motion, Plaintiff states as follows:

2. On October 5, 2022, the Court granted in part and denied in part Jewel's motion for summary judgment. [Doc. 187]. The Court has not yet entered a final judgment on any claim and there is no appealable order on the record.

3. Rule 54(d)(1) of the Federal Rules of Civil Procedure allows for costs to the prevailing party. Local 54.1 establishes the time when a bill of costs should be filed. Specifically, Local Rule

1

54.1(a) that provides that the prevailing party shall file a bill of costs "within 30 days of the entry of a judgment allowing costs."

4. Rule 54 defines "Judgement" for cost purposes as to include " a decree and any order from which an appeal lies." In this case, the Court has not entered any order from which an appeal may lie. All orders on record are interlocutory. See also *Dinunzio v. Apfel*, 101 F. Supp. 2d 1028, 1031 (N.D. Ill. 2000)(stating that a final judgment is any order, entered as a separate document on the court's docket, that signifies the end of litigation and begins the period in which an appeal may be brought);see also *Koch v. Jerry W. Bailey Trucking, Inc.*, No. 1:14-CV-72-HAB, 2021 WL 3012936, at *2 (N.D. Ind. July 16, 2021), aff'd, 51 F.4th 748 (7th Cir. 2022)(noting that the plaintiffs determined that they needed a final judgment before they could collect attorney fees and costs).

5. Because a final judgment allowing costs has not been entered, Jewel's bill of costs is procedurally improper and should respectfully be stricken.

6. Alternatively, Plaintiff respectfully requests an extension of time of 28 days after a final judgment has been entered within which to file a response to the bill of costs and supporting memorandum.

7. Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: ... if a request is made, before the original time or its extension expires."

8. Here, the rules would require Plaintiff to file a motion objecting to Jewel's bill of costs within 7 days after the Court acts on it. Good cause exists to extend the time for Plaintiff to file his responses because, a final judgment has not been entered, and Plaintiff's counsel has commitments to other matters.

9. Plaintiff's request for an extension of time is appropriate because he files his request before the time for his responses to be filed has expired.

10. No one will be prejudiced if Plaintiff's request is granted.

WHEREFORE, Plaintiff, Billy Earl, respectfully prays that this Honorable Court grant this motion and enter an order:

A. Striking Jewel's bill of costs [192] and supporting memorandum [193] as procedurally premature; or in the alternative,

B. Extending the time within which Plaintiff must object to Jewel's bill of costs [192] and supporting memorandum [193] until 28 days after a final judgment allowing for costs has been entered; and

C. Granting him any and all other relief that is appropriate under the circumstances.

Respectfully submitted

By:/s/ Eric Onyango
Eric Onyango
Prime Legal, LLC
222 North Columbus Drive, #1507
Chicago, IL 60601
Counsel for Plaintiff