**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BILLY EARL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18 C 8279 |
| | ) | |
| JEWEL FOOD STORES, INC., and | ) | |
| HIGHWAY DRIVERS, DOCKMEN, | ) | |
| SPOTTERS, RAMPMEN, MEAT | ) | |
| PACKING HOUSE, AND ALLIED | ) | |
| PRODUCTS DRIVERS AND HELPERS, | ) | |
| OFFICE WORKS AND | ) | |
| MISCELLANEOUS EMPLOYEES | ) | |
| LOCAL UNION NO. 710, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Jewel Food Stores, Inc.'s ("Jewel") Bill of Costs. For the reasons stated below, Jewel's Bill of Costs is granted in part. Jewel may recover $4,284.

## BACKGROUND

On October 5, 2022, this Court granted summary judgment in favor of Jewel as to all but one remaining claim. Dkt. # 187. Having prevailed on the majority of claims in its motion for summary judgment, Jewel filed the instant Bill of Costs, seeking a total

of $5,453.90. Dkt. # 192. Specifically, Jewel seeks $5,265.30 in transcript costs related to depositions and court proceedings, and $188.60 in copying costs.

## LEGAL STANDARD

Under Rule 54(d)(1), litigation costs, other than attorneys' fees, are awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1). In evaluating a bill of costs, the Court must engage in a two-part inquiry: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). Under 28 U.S.C. § 1920, the prevailing party may recover: fees of the clerk and marshal; fees "for printed or electronically recorded transcripts necessarily obtained for use in the case"; fees for printing and witnesses; fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; docket fees; and compensation of interpreters and court appointed experts. 28 U.S.C. § 1920. However, it remains within the court's discretion whether to award costs under Rule 54(d). *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir.1994).

## DISCUSSION

Earl raises several objections to the Bill of Costs. The Court will address each in turn.

### I. Prevailing Party

The Court first addresses whether Jewel is the prevailing party for purposes of this motion. In cases where a party prevails on some claims but not others, costs are

appropriate for a party "who prevails as to the substantial part of the litigation." *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996).

Earl brought seven claims against Jewel for race discrimination, retaliation, intentional infliction of emotional distress, age discrimination, and failure to provide COBRA notice. After the Court ruled on Jewel's motion for summary judgment, only Earl's COBRA claim survived. In Earl's response to Jewel's Bill of Costs, which he filed on November 22, 2022, he argued that the Bill of Costs was premature because there had not been a "final judgment" in the case. Dkt. # 201, at 1–2. However, at a status conference on March 23, 2023, the parties represented to the Court that they reached a settlement agreement as to the COBRA claim, which will settle all remaining claims in this case. The Court stated that because the COBRA claim was formally settled, and because the Court had ruled on all other claims, the Court would proceed to rule on the Bill of Costs. Plaintiff agreed.

Because Jewel "prevail[ed] as to the substantial part of the litigation," *Testa*, 89 F.3d at 447, and because Earl did not dispute that Jewel did so (only whether the motion was timely), the Court finds that Jewel is the prevailing party for purposes of this motion.

## II. Earl's Indigence

Earl first argues that the Court should deny Jewel's Bill of Costs because Earl cannot afford them. Earl argues that he is currently unemployed, he "does not have any significant assets," and occasionally relies on friends "to meet his basic living

3

expenses." Dkt. # 201, at 2. According to Earl, ordering him to pay Jewel's costs would be unreasonable and a "harsh result." *Id*. at 2–3.

While there is a "presumption that costs are to be awarded to the prevailing party under [Rule 54(d)], . . . this presumption may be overcome by a showing of indigency." *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983). Indigence, however, "does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006). When considering a party's assertion that it cannot pay the prevailing party's costs because it is indigent, courts engage in a two-step analysis. *Id*. The Court must first "make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id*. (quoting *McGill*, 18 F.3d at 459). The losing party bears the burden of providing the Court with "sufficient documentation to support such a finding." *Id*. (cleaned up). "This documentation should include evidence in the form of an affidavit or other documentary evidence of income and assets, as well as a schedule of expenses." *Id*. Next, the Court considers "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id*. "The [indigence] exception is a narrow one." *Id*. at 636.

Here, Earl has not sufficiently demonstrated that he is "incapable of paying the court-imposed costs at this time or in the future." *See id.* at 635. Earl submitted one exhibit with his response to Jewel's Bill of Costs—a short affidavit attesting:

4

> 1. I am presently unemployed. My last employer was Jewel Foods Inc. I was wrongfully terminated from my position in July 2017. Since then, my efforts to find alternate employment have been unsuccessful.
>
> 2. I currently rely on friends occasionally to meet basic living expenses for myself. I have no significant assets.

Dkt. # 200-1. The Court cannot conclude that Earl is indigent from this bare bones affidavit. He states only that he has been unemployed since 2017, but does not state that he has no other sources of income. The Court must assume that he is sustaining himself somehow, and indeed he only "occasionally" borrows money from friends. Although Earl states that he has no "significant" assets, that does not mean he has no assets, and the Court cannot know what Earl means by "significant." He also does not include the required schedule of expenses. *See Rivera*, 469 F.3d at 635. Finally, Earl makes no showing of his inability to pay in the future. Therefore, Earl has failed to submit sufficient evidence of indigence. *Id*. at 635–36; *see also Lewis v. City of Chi.*, 2012 WL 6720411, at *3 (N.D. Ill. 2012) ("Although Plaintiff provides this information through her sworn affidavit, Plaintiff has not provided a schedule of her expenses, as required . . . , or any other documentary evidence of her income or assets. For this reason, the Court finds that it lacks sufficient documentary evidence to determine whether Plaintiff will have a difficult time paying an award of costs in the future . . . and costs will not be denied on this basis.") (citations omitted).

### III. Excessiveness of the Costs

Next, Earl argues that the Court should deny Jewel's Bill of Costs because the costs they seek are "excessive, unreasonable[,] and unnecessary." Dkt. # 201, at 3. The Court will address Earl's objections to each charge in turn.

#### a. Transcript Costs

Earl first objects to the $246.50 transcript cost for the 5/21/21 hearing, arguing that Jewel can only recover at a rate of $3.65 per page, and not the $7.25 per page rate that Jewel asks for. Earl is correct. Pursuant to Local Rule 54.1(b), the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed, which in this case was $3.65 per page.[1] The transcript being 34 pages, Jewel can only recover $124.10. Jewel's argument that the expedited transcript was needed to "preserve the record" fails to explain how an ordinary turnaround for the transcript would not do so. Jewel also argues the expedited transcript was necessary because it was an exhibit to its status report filed on June 4, 2021. But Judge Finnegan ordered the parties to file the June 4 status report on May 21, 2021. Dkt. # 118. Plaintiff's "lack of cooperation" in filing a joint status report does not explain why Jewel waited until the day before the deadline to order the transcript, for which the cost was $7.25. Furthermore, the only citation to the 5/21/21 transcript in Jewel's status

---

[1] *See* https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (last updated November 24, 2021).

report was to support the statement: "On May 21, 2021, this Court ordered the parties to file a joint status report on June 4, 2021 identifying whether Plaintiff intends to disclose an expert and whether Jewel objects to Plaintiff's expert disclosure." Dkt. # 122-1, at 2. But the same exact information was included in Judge Finnegan's minute order on May 21, 2021. Dkt. # 118. Because Jewel does not show why the expedited transcript was reasonably necessary, it can recover at a rate of $3.65 per page, for a total of $124.10.

Earl also objects to the $42.35 transcript cost for the 9/3/20 hearing, again arguing that Jewel can only recover at a rate of $3.65 per page. Jewel counters that a quicker turnaround was necessary because they had to respond to Earl's motion to compel filed on May 20, 2021. Dkt. # 209, at 9–10. But Jewel filed its response to that motion on May 20, 2021, Dkt. # 112, and both Jewel's Bill of Costs and the corresponding invoice indicate that the transcript was not ordered until May 25, 2021, Dkt. # 192 at 3, 26–27. Jewel has therefore not shown that the quicker turnaround was reasonable. It can recover $25.55 for the 9/30/20 hearing transcript.

Similarly, Earl objects to the $96.80 transcript cost for the 5/11/21 hearing, arguing that Jewel can only recover at a rate of $3.65 per page. Jewel argues that an expedited transcript was necessary to respond to Earl's multiple discovery motions filed on May 20, 2021. But the transcript was ordered on May 17, 2021. *Id*. at 25. Jewel does not explain how it knew, three days before Earl filed his discovery motions, what

7

would be needed to respond to them. Jewel can recover $58.40 for the 5/11/21 hearing transcript.

Earl next objects to the $49.05 transcript cost for the 5/22/21 hearing on the same basis. Jewel seems to include some general arguments but does not *specifically* respond to Earl's objection explaining why an expedited transcript was reasonable in *this* instance, so Jewel can recover at a rate of $3.65 per page—$32.85 for 9 pages. For the same reasons, the $141.70 charge for the 7/19/21 hearing transcript is reduced to $94.90, and the $34.00 charge for the 8/23/21 hearing transcript is reduced to $29.20.

### b. Earl's Deposition

Earl next objects to two fees related to Earl's deposition on 5/7/21—one "videoconferencing services" charge for $790.00 and one "videography services" charge for $1,037.50. *See* Dkt. # 192 at 21–22.

Jewel cannot recover the $790.00 charge for "videoconferencing services," and indeed does not respond to Earl's objection in its reply. Courts in this district have declined to award ancillary costs associated with conducting a deposition by videoconference. *See Hillmann v. City of Chi.*, 2017 WL 3521098, at *5 (N.D. Ill. 2017); *Olivarius v. Tharaldson Prop. Mgmt. Inc.*, 2012 WL 1117468, at *4 (N.D. Ill. 2012) (denying costs for room rental expenses and other fees associated with depositions conducted via videoconference). Jewel therefore cannot recover the $790.00 charge for "videoconferencing services."

As to the $1,037.50 videography charge, courts in this district have allowed a prevailing party to establish the reasonableness of obtaining a videotaped deposition in addition to a transcript in certain circumstances, including for witnesses who appear on the "may call" or "will call" trial witness lists. *See Medicines Co. v. Mylan Inc.*, 2017 WL 4882379, at *5 (N.D. Ill. 2017). Although neither party submitted a trial witness list, it is reasonable to assume that, as the sole plaintiff in this case, Earl would be called to testify by Jewel. This charge is therefore reasonable.

Earl also objects to the $1,602.25 court reporter fee for transcription services for his deposition. He first argues that the per page transcript cost of $3.95 per page exceeds the allowed $3.65 per page cost for ordinary, 30-day delivery. Jewel counters that they required a turnaround of less than 30 days "because Plaintiff deposed Jewel's witnesses less than 30 days later" including "Jewel's primary decision-maker, William Knedler, [] on May 21, 2021." Dkt. # 209, at 7. This brief argument does not explain why it was necessary for Jewel to obtain Earl's deposition transcript before those depositions. Jewel can recover costs at the $3.65 per page rate, and thus Jewel is entitled to $1,149.75, rather than $1,244.25, for the 315 pages of Earl's deposition transcript.

Next, Jewel is entitled only to $220 for the court reporter's attendance at Earl's deposition. Local Rule 54.1(b) provides that court reporter attendance fees shall not exceed $110 for one half day, and $220 for a full day. L.R. 54.1(b). Therefore, the charge for the court reporter's attendance is decreased from $260 to $220.

9

As to the $58 in exhibit charges, the Court agrees with the approach of other courts in this district, finding that "exhibits are often authenticated during a deposition, and it may be necessary for attorneys to use the marked exhibit in order to benefit from that authentication" and "because documents are usually referred to in depositions by their assigned exhibit numbers, litigants need to use the exhibit-stamped version of a document in order to benefit from a witness's deposition testimony about the document." *Hillmann*, 2017 WL 3521098, at *3 (cleaned up). The exhibit charges are reasonable.

Finally, Jewel can recover the $40 processing fee for Earl's deposition. The Seventh Circuit has upheld awarding costs incidental to the taking of depositions, such as *per diem* and delivery charges by the court reporter, even though such costs are not specifically mentioned in Section 1920. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995).

For the foregoing reasons, Jewel can recover $1,467.75 in transcription costs for Earl's deposition, rather than $1,602.25.

Jewel also includes a $347.85 charge for court reporter transcription fee as to "Volume 2" of Earl's deposition on 5/14/21. Earl argues that the charge is unreasonable because it "includes exhibits and a processing fee which were unnecessary for the reasons" described in connection with the first day of his deposition. *See* Dkt. # 201, at 7–8. Jewel does not address this charge in its reply brief, but for the same

reasons stated above, Jewel can recover both its exhibit costs and the $40 processing fee.

### c. William Knedler's Deposition

Earl contests the $399.40 transcription cost for the deposition of William Knedler on 5/21/21. He states that the charge is "unreasonable in that it includes exhibits which were unnecessary for the reasons that are detailed above." *Id*. at 8. As with Earl's deposition, Jewel can recover deposition exhibit costs.

## IV. Total Recoverable Costs

Based on the above, the Court finds Jewel may recover $4,095.40 in transcript and deposition costs, broken down as follows:

| Description | Cost |
|---|---:|
| 2/14/19 Hearing Transcript | $6.30 |
| 5/21/21 Hearing Transcript | $124.10 |
| 5/7/21 Earl Deposition, Videography | $1,037.50 |
| 5/7/21 Earl Deposition, Transcription | $1,467.75 |
| 9/30/20 Hearing Transcript | $25.55 |
| 5/11/21 Hearing Transcript | $58.40 |
| 5/14/21 Earl Deposition Vol. 2, Transcription | $347.85 |
| 5/21/21 Knedler Deposition, Transcription | $399.40 |
| 5/27/21 Goodman Deposition, Transcription | $180.00 |
| 6/18/21 Ray Deposition, Transcription | $291.60 |
| 5/22/21 Hearing Transcript | $32.85 |
| 7/19/21 Hearing Transcript | $94.90 |
| 8/23/21 Hearing Transcript | $29.20 |
| | |
| **TOTAL** | **$4,095.40** |

Earl does not dispute Jewel's requested fees for exemplification and the costs of making copies, and therefore Jewel can recover $188.60, broken down as follows:

| Description | Cost |
|---|---|
| Jewel Documents | $106.40 |
| Defendant Union 710 Documents | $54.00 |
| Plaintiff Documents | $28.20 |
| | |
| TOTAL | $188.60 |

## CONCLUSION

For the reasons mentioned above, the Court grants Jewel's Bill of Costs [92] in part. Jewel may recover $4,284. It is so ordered.

Dated: 3/28/2023

Charles P. Kocoras
United States District Judge